**STATE of Missouri, Respondent,**

v.

**William Fitzgerald HARRISON,
Appellant.**

**No. WD 65194.**

Missouri Court of Appeals,
Western District.

Feb. 20, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 27, 2007.

Application for Transfer Denied
May 29, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Assistant Attorney General, Jefferson City, MO, for Respondent.

Kent Denzel, Assistant Public Defender, Columbia, MO, for Appellant.

SMART, P.J., and EDWIN H. SMITH and HARDWICK, JJ.

### Order

PER CURIAM.

William F. Harrison appeals the judgment, after a jury trial, of his convictions in the Circuit Court of Callaway County of four counts of first-degree statutory sodomy, Counts I–IV, in violation of § 566.062; one count of first-degree child molestation, Count V, in violation of § 566.067; and one count of first-degree statutory rape, Count VI, in violation of § 566.032. As a result of his convictions, the appellant was sentenced to ten years in the Missouri Department of Corrections on each of Counts I–IV, five years on Count V, and ten years on Count VI. His sentences on Counts I, II, and VI were ordered to run consecutively, while his sentences on Counts III–V were ordered to be served concurrently with his sentences as to Counts I, II, and VI.

The appellant raises three points on appeal. In Point I, he claims that the trial court erred in granting the State's motion *in limine*, seeking, *inter alia*, to "prohibit[ ] defense counsel from questioning any witness about allegations of sexual abuse involving the victim's mother and uncle"; because the ruling prohibited him from presenting evidence that there was another potential source of M.D.'s sexual knowledge, other than the appellant, which was her uncle, which he claims violated "his 6th and 14th Amendment rights to a fair trial, to confront the witnesses against him, and to present a defense." In Point II, he

claims that the trial court plainly erred "in failing to *sua sponte* instruct the jury to disregard the State's improper closing arguments," specifically, the State's comment that there was "no other source" of M.D.'s sexual knowledge other than the sexual abuse by the appellant, because the State's comment was an improper positive misrepresentation to the jury that evidence the State successfully excluded did not exist. In Point III, he claims that the trial court erred in overruling his "Amended Motion for Public Funding for Depositions, Experts and Investigator," seeking funds for, *inter alia,* a mental health and/or interviewing expert to evaluate the videotaped interview of M.D. and testify as to her credibility because he was indigent and such denial of public funding for experts necessary to his defense violated his right to present a defense, which is grounded largely on the due process guarantee under the Fourteenth Amendment to the U.S. Constitution to fundamental fairness and his Sixth Amendment right to counsel.

We affirm, pursuant to Rule 30.25(b).